UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROOSEVELT PETIT-FRERE, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 09-1732 (RWR) <br> ) |
| U.S. ATTORNEY'S OFFICE for the <br> S.D. of FLORIDA *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff filed a pro se complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, against the U.S. Attorney's Office for the Southern District of Florida ("USAO") and the Executive Office of United States Attorneys ("EOUSA"), a component of the Department of Justice ("DOJ"). Because it is evident from the face of the complaint that the plaintiff has not exhausted his administrative remedies, as is required before filing a civil action under the FOIA, the complaint will be dismissed pursuant to the court's authority under 28 U.S.C. § 1915A(b)(*i*) (requiring immediate dismissal of complaints filed by prisoners proceeding in forma pauperis that fail to state a claim upon which relief may be granted).

**I. FACTUAL BACKGROUND**

The complaint alleges that in late June, 2008, the plaintiff submitted a FOIA request to the USAO in Miami, which forwarded the request to the EOUSA for processing. Compl. ¶¶ 3, 4. The EOUSA notified plaintiff by letter dated August 28, 2008, that it would assign the request to

one of two tracks, depending on the size of the request, and process the request in the order it was received within that track. *Id.* ¶ 5 & Ex. C. EOUSA's letter to plaintiff stated that the larger projects usually take approximately nine months to process. *Id.* Approximately ten months later, EOUSA had not informed plaintiff of the results of his request or responded to his inquiries, and the plaintiff filed an administrative appeal. *Id.* ¶¶ 6-8. The DOJ's Office of Information and Privacy ("OIP"), which handles appeals related to FOIA requests submitted to EOUSA, responded by letter advising that because "no adverse determination has yet been made, there is no action for this Office to consider on appeal." *Id.* ¶ 9 & Ex. G. The OIP's letter also stated that

> the Freedom of Information Act itself contemplates the filing of a lawsuit by the requester, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. *See* 5 U.S.C. § 552(a)(6)(C)(*i*).

*Id.* On the premise that "it is axiomatic that Plaintiff has constructively exhausted his administrative remedies," because he "has not received any responsive records" or "notice of an extension of time in which to respond to a FOIA request under 5 U.S.C. § 552(a)(6)(B)," *id.* ¶ 19, the plaintiff filed this civil action.

## II. DISCUSSION

When reviewing a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted, a court applies the same standards for reviewing a complaint upon a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In determining whether a complaint fails to state a claim upon which relief may be granted, a court generally "must accept as true all of the factual allegations contained in the complaint," *Erickson v.*

*Pardus,* 551 U.S. 89, 94 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," but need not accept either a plaintiff's legal conclusions, or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

The FOIA requires each agency, upon receipt of a FOIA request submitted in accordance with 5 U.S.C. § 552(a)(3), to

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request **whether to comply with such request** and . . . immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(*i*) (emphasis added).[1] Notifying a requester of whether the agency will comply with the request is not the same thing as delivering the requested documents. *See Spannaus v. U.S. Dep't of Justice,* 824 F.2d 52, 59 n.7 (D.C. Cir. 1987) (distinguishing between when the FBI determined whether to comply with the request and when it delivered the documents). To the contrary, all that is required in this circuit within the time period is "a reply

---

[1] The 20-day period, which begins when the appropriate component of the agency receives the request, may be tolled or extended under certain circumstances. *See* 5 U.S.C. § 552(a)(6)(A)(*ii*) (specifying circumstances for tolling); 5 U.S.C. § 552(a)(6)(B) (specifying circumstances for extension).

from the agency indicating that it is responding to [the] request." *Oglesby v. Dep't of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990).

> The FOIA further provides that
>
> [a]ny person making a request to any agency for records under paragraph . . . (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(a)(6)(C)(*i*). In interpreting these provisions, the Court of Appeals for the District of Columbia Circuit has stated that

> 5 U.S.C. § 552(a)(6)(C) permits a requester to file a lawsuit when [twenty] days have passed without a reply from the agency indicating that it is responding to his request, but that this option lasts only up to the point that an agency actually responds. Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies.

*Oglesby,* 920 F.2d at 61. Thus, even if an agency does not meet the deadlines imposed by § 552(a)(6)(A)(*i*), "once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review." *Oglesby,* 920 F.2d at 65. In other words, "[i]f the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." *Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir. 2003) (citing *Oglesby,* 920 F.2d at 64-65). In this case, the EOUSA replied to the plaintiff on August 28, 2008, indicating it was responding to his request. *See Oglesby,* 920 F.2d at 61 (requiring that the agency indicate that it is responding to the request); *see* Compl. ¶ 5 & Ex. C (letter from EOUSA indicating that it was responding to plaintiff's request). Because EOUSA responded before plaintiff submitted this complaint for

filing on August 31, 2009, constructive exhaustion does not apply and the plaintiff is required to exhaust his administrative remedies before he can exercise his right to have this court entertain this suit.  *See Judicial Watch v. Rossotti,* 326 F.3d at 1310 (holding that if the agency responds before the plaintiff files suit, the administrative exhaustion requirement still applies).

While exhaustion of administrative remedies is not jurisdictional, "the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1259 (D.C. Cir. 2003).  Permitting a FOIA requester to pursue judicial review without benefit of prior consideration at the administrative appeal level would allow premature interference with agency processes and deprive the parties and the courts of the benefit of the agency's experience and expertise, and an adequate record for judicial review.  *Id.*  Therefore, as a prudential matter, where a FOIA plaintiff has not exhausted his administrative remedies before filing suit, it is appropriate for the court to dismiss the complaint for failure to state a claim upon which relief may be granted.  *Id.* at 1258, 1260.

### III.  CONCLUSION

The complaint in this case makes clear that well before the plaintiff filed this civil action, the EOUSA had responded acknowledging plaintiff's FOIA request and indicating that it would process the request.  Thus, the plaintiff's claim to constructive exhaustion is incorrect in the face of the case law in this circuit, and the plaintiff's lawsuit is premature and not ripe for adjudication in this forum.  Accordingly, because the plaintiff did not constructively exhaust his administrative remedies, the complaint will be dismissed without prejudice to renew.  A separate order accompanies this memorandum opinion.

SIGNED this 15th day of October, 2009.

/s/
RICHARD W. ROBERTS
United States District Judge