UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROOSEVELT PETIT-FRERE,

    Plaintiff,

        v.

UNITED STATES ATTORNEY'S
OFFICE FOR THE SOUTHERN
DISTRICT OF FLORIDA, et al.,

    Defendants.

Civil Action No. 09-1732 (JEB)

## MEMORANDUM OPINION

Plaintiff Roosevelt Petit-Frere is serving 170 months for conspiracy and possession with intent to distribute cocaine. While incarcerated, he filed a FOIA request with Defendant United States Attorney's Office for the Southern District of Florida seeking records relating to an application for a wiretap that he alleges was once submitted to a federal judge. Defendants searched their files but found no such documents. Because Defendants' search was adequate -- particularly since another District Court has already determined that no such wiretap application was ever submitted to a federal judge -- the Court will grant Defendants' Motion for Summary Judgment.

**I.    Background**

On June 30, 2008, Plaintiff sent a request for records under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, and the Privacy Act, 5 U.S.C. § 552a *et seq*, to the United States Attorney's Office for the Southern District of Florida (USAO). Dft. Motion, Declaration of Vinay J. Jolly, ¶ 4. His request sought information about a federal wiretap application that targeted him and was submitted to a federal judge in 2000. Jolly Decl., ¶ 5; see also id., Exh. B

1

(Plaintiff's FOIA request). On August 12, 2008, the USAO forwarded Plaintiff's request to the Executive Office for United States Attorneys. Jolly Decl., ¶ 5. The Executive Office informed Plaintiff that it had received his request on August 28, 2008. Id., ¶ 6.

The FOIA staff at the Executive Office on September 9, 2008, requested that the USAO conduct a search for responsive records. Dft. Motion, Declaration of Carole M. Fernandez, ¶ 6. Six months later, Plaintiff inquired about the status of his request and narrowed it to the "exact date and action taken by the federal judge on a federal wiretap application involving myself, Roosevelt Petit-Frere." Jolly Decl., ¶ 6; id., Exh. C. (Plaintiff's February 4, 2009, letter). The Executive Office forwarded the narrowed request to the USAO on March 4, 2009, and requested that it conduct a search for responsive records to the altered request. Fernandez Decl., ¶7.

Plaintiff again inquired about the status of his request on May 20, 2009, and after apparently receiving no response from the Executive Office, he filed an appeal with the Office of Information and Privacy on June 4, 2009. Jolly Decl., ¶¶ 6-7; id., Exhs. D-E (Plaintiff's May 20, 2009, and June 4, 2009, letters). OIP twice informed Plaintiff that the Department of Justice regulations require the Agency to complete processing of any FOIA requests before an administrative appeal may be considered. Jolly Decl., ¶ 8; id., Exhs. F-G (citing 28 C.F.R. § 16.9). OIP further informed him of his right to file a lawsuit in response to the delay in processing his request. Jolly Decl., Exh. G. Plaintiff responded by filing this action on September 11, 2009.

In the meantime, the USAO completed its search for records responsive to Plaintiff's request. The search included electronic databases, file cabinets, and case files that the Agency believed were likely to contain responsive material. Fernandez Decl., ¶¶ 10-11, 13. No

responsive documents were found. Id., ¶ 14. The Executive Office informed Plaintiff of this result in a letter dated September 15, 2009. Jolly Decl., ¶ 9; id., Exh. H.

On October 16, 2009, another judge in this District to whom this case was previously assigned dismissed Plaintiff's Complaint without prejudice because he determined that Plaintiff had failed to exhaust his administrative remedies. Defendants, however, informed that judge on November 9, 2009, that the factual basis for dismissal was not accurate. As a result, the case was reopened on December 4, 2009. The parties have since briefed Cross-Motions for Summary Judgment.[1]

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment.

---

[1] The Court has reviewed Defendants' Motion, Plaintiff's Opposition and Cross-Motion, Defendant's Reply, and several other motions that tangentially relate to the Cross-Motions -- and which the Court deals with summarily in Section IV.

Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.    Analysis**

The crux of Plaintiff's argument is that Defendants' search was inadequate. Plaintiff believes this to be the case because no responsive documents were found. He contends that Defendants should have searched the files of his co-defendants and contacted an investigator who worked for the local police department. Defendants respond that their search was sufficient and that Plaintiff seeks documents that never existed. Defendants' position carries the day.

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). The adequacy of an agency's search for documents requested under

4

FOIA is judged by a standard of reasonableness and depends upon the facts of each case. Weisberg v. U.S. Dep't of Justice, 755 F.2d 1476, 1485 (D.C. Cir. 1984). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. Id. at 127. On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

To support the adequacy of their search, Defendants have submitted the declarations of Vinay J. Jolly and Carole Fernandez. Jolly is the FOIA administrator for the Executive Office, and Fernandez has that post in the USAO. Jolly coordinated the government's response to Plaintiff's request, and Fernandez oversaw the actual search at the USAO. The government's search began with the Legal Information Office Network System (LIONS), a computer system used by U.S. Attorney offices to track files relating to specific cases or investigations. Jolly Decl., ¶ 12. Defendants determined that this system was the most likely means of identifying any responsive files. Fernandez Decl., ¶ 9. They searched the LIONS system for any cases or files listed under the name "Roosevelt Petit-Frere," id., ¶ 10, because the request was limited to a wiretap specifically targeting Petit-Frere. Plaintiff argues that Defendants should have searched the names of his co-defendants, but he never asked that these names be searched and he never explains why that these files would have contained any documents relating to a wiretap for which Plaintiff was the target. In addition, he offers no support for the theory that the local police department might have documents related to a federal wiretap. There is no requirement that an agency search every record system in response to a FOIA request, but only those records

that are likely to have responsive documents. Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

The search identified one criminal case associated with Plaintiff -- the case for which he was convicted and incarcerated. Fernandez Decl., ¶ 10. The search did not identify the physical location of the case file, however, so Fernandez contacted Assistant United States Attorney Karen Gilbert for assistance. Id., ¶ 11. Together, Fernandez and Gilbert conducted a physical search of the file cabinets, storage rooms, and other locations in the USAO where responsive records might be located. Id., ¶ 13. They ultimately found three boxes of records relating to Plaintiff's case and searched the boxes, but again found no responsive records. Id., ¶ 13-14. This does not mean that their search was insufficient because the adequacy of a search is not determined by the results, but by the methods of the search itself and whether such methods were reasonable. See Steinberg, 23 F.3d at 551 (noting that review of agency's search for responsive records depends not on "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate") (citation and quotation marks omitted). Defendants' declarations in this case plainly lay out: (1) the files that were searched; (2) the reasons for searching those files; (3) the search terms employed; and (4) the search method used. Defendants searched the files that were likely to contain responsive documents and used a search term that was likely to uncover responsive records. Defendants then physically searched boxes identified as potentially containing responsive records. Defendants' search was thus adequate.

Plaintiff attempts to dispute the adequacy of Defendants' search by claiming that record evidence suggests that a wiretap application was submitted to a federal judge in 2000 or 2001. Plaintiff posits that since no documents were found, the search must have been inadequate. In

actuality, the evidence points to precisely the opposite conclusion: no such wiretap application was ever submitted. Indeed another District Court has so ruled in connection with one of Plaintiff's collateral challenges to his conviction. In that case, United States District Court for the Southern District of Florida determined that a wiretap application had never been submitted to a federal judge. See Dft. Motion for Protective Order, Exh. 1 (Petit-Frere v. United States, 1:04-cv-23097 (S.D. Fl. 2005)). An application was created by the USAO, but approval was denied by the Department of Justice in Washington, D.C.; as a result, it was never presented to a federal judge. Id. In addition to that court's finding, Defendants aver that no application relating to Plaintiff was ever submitted to a federal judge. Fernandez Decl., ¶ 12. Finally, the evidence that Plaintiff attaches to his Motion supports this conclusion as well. Pl. Opp., Exh. A (Excerpts of Deposition Transcript of Sergeant Masferrer) at 86. Masferrer clearly states that no application was submitted to a federal judge.[2] Id. Plaintiff can argue all he wants, but Defendants plainly had no obligation to produce documents that never existed.

## IV. Discovery Motions

Plaintiff has also filed several motions in an effort to obtain discovery in this case, including deposing several government personnel. Specifically, he has filed the following pleadings: a Motion to Continue Summary Judgment (while he seeks discovery); a Motion to Compel (Defendants' responses to his discovery requests); and a Motion to Strike Paragraph 12 of the Fernandez Declaration. The government has responded to each of these motions -- save the last one, which was only filed on July 25, 2011 -- and has filed its own Motion for Protective Order (with respect to Plaintiff's discovery demands). As the Court finds that Defendants are

---

[2] Any apparent inconsistency in his testimony is unconvincing and was likely the result of an imprecise answer to a topic already discussed by Masferrer. See Pl. Opp., Exh. A at 193.

entitled to summary judgment and that a wiretap application targeting Plaintiff was never submitted to a federal judge, the Court will deny these collateral motions as moot.

**V.      Conclusion**

As the Court finds that Defendants conducted an adequate search with respect to Plaintiff's FOIA request, the Court will grant their Motion for Summary Judgment and deny Plaintiff's Motion.  A separate Order consistent with this Opinion will issue today.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 8, 2011